IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO.   3:15-bk-31324-SHB |
| Wilma Joyce Chitwood ) | Chapter 13 |
| ) | |
| Debtor ) | |
| ) | |
| Wilma Joyce Chitwood ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | ADV. PROC. NO.:_____ |
| ) | |
| Cavalry SPV I, LLC ) | |
| ) | |
| Defendant ) | |

COMPLAINT SEEKING DAMAGES IN ADVERSARY PROCEEDING FOR
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with its efforts to fraudulently attempt collect a debt to which it was not entitled.  Defendant's conduct involves filing a duplicate proof of claim in Ms. Chitwood's Chapter 13 case falsely representing that a debt is owed when it had already filed a previous proof of claim for the same debt, the sole purpose of which is to coerce double payment of a debt.  Plaintiff seeks monetary and declaratory relief based on violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

JURISDICTION

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-

1

captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

3. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

PARTIES

6. The allegations of paragraphs 1-5 above are re-alleged and incorporated herein by reference.

7. Wilma Joyce Chitwood (hereafter referred to as "Plaintiff," "Ms. Chitwood" or "Debtor") is a citizen and resident of Powell, Tennessee, and a consumer as that term is defined 15 U.S.C. §1692a(3).

8. Defendant Cavalry SPV I, LLC (hereafter referred to as "Defendant "), is a is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized in Delaware that maintains its principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-1340 and maintains CT Corporation, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

FACTS

9. The allegations of paragraphs 1-8 above are re-alleged and incorporated herein by reference.

10. On April 24, 2015, Ms. Chitwood filed a voluntary petition commencing under Chapter 13 of the United States Bankruptcy Code filed in the United States Bankruptcy Court for the Eastern District of Tennessee at Knoxville.

11. The 341(a) meeting of creditors was held in Knoxville, Tennessee on June 6, 2015 and later confirmed on June 11, 2015.

12. On July 8, 2015, Defendant filed a proof of claim whereby it asserts to have been assigned an account from Capital One Bank (USA), N.A. (hereafter referred to as "Capital One") in the amount of $859.52, claim number 10. A copy of the proof of claim is attached hereto as Exhibit 1 and incorporated herein by reference.

13. While Capital One was listed in Ms. Chitwood's bankruptcy statements and schedules, Cavalry SPV I, LLC was not listed.

14. Ms. Chitwood has no prior dealings with Defendant.

15. Defendant then filed a second proof of claim, claim number 11, which is identical to claim number 10. The same day as claim number 10 was filed, Defendant filed proof of claim number 11. Claim number 11 alleged the same assignee, Capital One, the same amount sought, as well as the same accounts numbers. A copy of proof of claim number 11 is attached hereto as Exhibit 2 and incorporated herein by reference.

16. On July 30, 2015, Debtor's counsel filed an objection to said proof of claim. A copy of the Objection to claim number 11 is attached hereto as Exhibit 3 and incorporated herein by reference.

17. No response was filed by Defendant to the Debtor's objection.

18. Consequently, the Court granted the order for the relief whereby Defendant's claim was disallowed in its entirety. A copy of the Order is attached hereto as Exhibit 4 and incorporated herein by reference.

CAUSES OF ACTION
FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
COLLECTING OR ATTEMPTING TO COLLECT AMOUNTS NOT PERMITTED BY LAW
AND BY OTHERWISE USING UNFAIR AND UNCONSCIONABLE METHODS

19. The allegations of paragraphs 1-18 above are re-alleged and incorporated herein by reference.

20. The foregoing acts and omissions by the Defendant constitutes violations of the FDCPA, which include, but are not limited to, violation of 15 U.S.C. §1692f(1) by Defendant in collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods.

21. Defendant knew, or should have known, at the time of filing its proof of claim, number 11, that it had previously filed a claim for the same debt.

22. Defendant willfully or negligently failed to make a reasonable investigation as to the fact it had previously filed a proof of claim for the same debt, or alternatively, knew it had previously filed a proof of claim for the same debt at issue and completely disregarded the law by intentionally filing a duplicate proof of claim for the same debt with the intention to collect monies to which it was not entitled.

23. As such, Defendant was attempting to collect amounts not permitted by law in addition to using unfair and unconscionable methods.

24. 15 U.S.C. §1692f(1) of the FDCPA explicitly prohibits the use of such practices.

25. The Plaintiff is therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. §1692k.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## MAKING FALSE, MISLEADING REPRESENTATIONS IN COMMUNICATIONS IN THE CHARACTER, AMOUNT OR LEGAL STATUS OF THE DEBT

26. The allegations of paragraphs 1-25 above are re-alleged and incorporated herein by reference.

27. The foregoing acts and omissions by the Defendant constitute violation(s) of the FDCPA, which include, but are not limited violation of 15 U.S.C. §1692e(2) by Defendant in making false, misleading representations in communications in the character, amount or legal status of the debt.

28. Notwithstanding the First Cause of Action stated herein, Defendant was again in violation of the FDCPA pursuant to 15 U.S.C. §1692e(2) regarding the attempt to collect a debt in the filing of a proof of claim that, in its entirety, made blatantly false and misleading representations regarding the character amount and/or legal status of the debt in question when it knew, or should have known the debt to be uncollectable.

29. Defendant was attempting to collect interest and/or fees to which it has no basis.

30. The purpose behind the enactment of the FDCPA is to prevent such abuses.

31. Defendant is intentionally false, deceptive and misleading in representing an amount to which it was not entitled to collect.

32. By attempting to collect an amount to which it was not entitled to do so, Defendant has confused Ms. Chitwood as to what amount of money it was actually trying to collect.

33. The Plaintiff is therefore entitled to an award of statutory damages and legal fees

5

pursuant to 11 U.S.C. § 1692k.

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ENGAGING IN CONDUCT TO HARASS, OPPRESS OR ABUSE ANY PERSON IN CONNECTION WITH THE COLLECTION OF A DEBT

34. The allegations in paragraphs 1-33 of this complaint are re-alleged and incorporated herein by this reference.

35. The Defendant additionally violated the FDCPA. Defendant's violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. §1692d.

36. Further, Defendant attempted to collect a debt without first obtaining verification of the debt, including validity of the debt, as required pursuant to 15 U.S.C. §1692g(b).

37. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

WHEREFORE, Ms. Chitwood having set forth her claims for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendant a sum a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by her attorney;

E. That this Court order the Defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. §1692k;

F. That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

G. That the Court declare all defenses raised by each and every defendant to be insufficient; and

H. That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 17th day of September, 2015.

                Wilma Joyce Chitwood

BY:   /s/ Brent Travis Strunk
       Brent Travis Strunk (BPR 023050)
       Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
ch7and13@comcast.net